IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV110-02-V
(3:92CR97-P)


HERBERT COUNCIL,                    )
    Petitioner,                    )
                              )
      v.                             )               <u>ORDER</u>
                              )
UNITED STATES OF AMERICA,           )
    Respondent.                    )
_____)

**THIS MATTER** comes before the Court on what appears to be the petitioner's third collateral challenge to his 1993 sentence, this one captioned as a "Motion To Vacate Or Modify Sentence Pursuant To 28 USC §2255, Paragraph 6(4)," filed March 9, 2006. Not surprisingly, however, for the reasons stated herein, the instant Motion shall be <u>dismissed</u> due to the Court's lack of authority to entertain such Motion.

Indeed, according to pertinent Court records, in 1993, a jury convicted the petitioner of conspiring to traffic in drugs, in violation of 21 U.S.C. §§841(a)(1) and 846. Upon his con-viction, the Court sentenced the petitioner to a term of 252 months imprisonment. Thereafter, the petitioner's conviction and sentence both were affirmed on appeal before the Fourth Circuit Court of Appeals.

Next, in 1997, the petitioner filed his first Motion to Vacate under 28 U.S.C. §2255; however, that Motion was denied and dismissed by this Court's Order of April 28, 1998. Then, on

October 21, 2002, the petitioner filed a letter challenging the validity of his sentence, which letter was construed as a second motion to vacate. Ultimately, however, such second motion was denied as successive on October 22, 2002.

Now, by the instant Motion to Vacate, the petitioner again is seeking collateral review, reporting that he wants to "reopen his federal sentence" on the ground that an uncounseled misdemeanor traffic-related conviction allegedly was used to enhance his federal sentence. Although he ignored the successive nature of this Motion, the petitioner has attempted to address the untimely nature of it in this Motion. To be sure, the petitioner has attempted to demonstrate that this 2006 Motion attacking his 1993 sentence should be construed as timely filed on the basis of his claim that it was brought within one-year of his discovery of the facts giving rise to his claim. Notwithstanding such representations, however, it is more than apparent to the undersigned that the petitioner's Motion to Vacate must be dismissed.

Indeed, the law is clear under 28 U.S.C. §2244(3)(A) that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application." Here, however, the petitioner has neither asserted nor even hinted that he has sought or obtained authorization to bring this action from the

Fourth Circuit Court of Appeals.  In any event, this Court's
review of pertinent records in the Fourth Circuit Court of
Appeals reflects that no such authorization has been granted by
that Court to the petitioner.  In fact, this Court' review  ac-
tually shows that in June 2001 on the one occasion when the
petitioner attempted to obtain pre-filing authorization in
connection with his second motion to vacate, his efforts were
flatly rejected by the appellate Court.  <u>See</u> <u>In re: Council</u>, No.
01-850 (4th Cir. July 23, 2001).

In sum, the Antiterrorism and Effective Death Penalty Act of
1996 requires, among other things, that petitioners who seek
review of second or successive motions to vacate first obtain
pre-filing authorization for such motions from the appropriate
court of appeals.  In the case at bar, the petitioner has failed
to obtain such authorization from the Fourth Circuit in order to
allow this Court to entertain this third Motion to Vacate.
Therefore, the instant Motion must be summarily <u>dismissed</u> due to
this Court's lack of authority to entertain such Motion.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's
Motion to Vacate is **DISMISSED.**

**SO ORDERED.**

Signed: March 16, 2006

Richard L. Voorhees
Chief United States District Judge